**FILED**

OCT 18 2023 ЛВ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Blake Atlas Billups | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )**No.** | 23cv15093 |
| | ) | Judge Tharp |
| Daphne Harris, Paul Munoz, Cook | ) | Magistrate Judge Cole |
| County, State of Illinois | ) | Randomly Assigned CAT 2 |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT AND DEMAND OF TRIAL BY JURY

Now comes Plaintiff, Blake Atlas Billups, in propria persona under the common law and complains of the Defendants: Daphne Harris, Paul Munoz and Cook County and states as follows:

### INTRODUCTION

1. This action is brought pursuant to the Ku Klux Klan Act, ch. 22, § 1, 17 Stat. 13, the Act of July 31, 1861, ch. 33, 12 Stat. 284, and the Act of April 9, 1866, ch. 31, §3, 14 Stat. 27 as codified at 42 USC §1983, 42 USC §1985 and 42 USC §1988, and the common law, to redress the deprivation of the Plaintiff's protected rights under the Constitution for the United States of America, under the color of law.

2. As a result of the misuse of police powers, police misconduct, and abuse more fully clarified below, the Plaintiff was deprived of Federal Constitutionally protected rights and suffered other injuries.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the action pursuant to Article III, Section 2 of the Constitution for the United States of America, 28 USC § 1331 as this matter involves a

1

federal question and the laws of the United States and 28 U.S.C. Section § 1343 as the matter involves the right to recover damages for injury and the deprivation of rights and privileges.

4. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. Section § 1367 over Plaintiff's state-law claims that are related to and form part of the same case or controversy. It is appropriate that this Court exercise supplemental jurisdiction over the state law claims because they involve the same parties and operative facts as the federal claims. Therefore, the Court's use of supplemental jurisdiction will aid in the fair administration of justice to the parties.

5. Venue is proper pursuant to 28 USC § 1391(b) as the defendants reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

6. The Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## THE PARTIES

7. The Plaintiff, Blake Atlas Billups, an Illinoisan National, but not a citizen of the United States, not a citizen of the State of Illinois, was at all relevant times physically present within Cook County, Illinois.

8. Daphne Harris at all relevant times was acting as an Illinois State Police Investigator acting within the scope of her employment. Harris is sued in this action in her individual and official capacity.

9. Paul Munoz at all relevant times was acting as a Cook County State's Attorney investigator within the scope of his employment. Munoz is sued in this action in his individual and official capacity.

2

10. Defendant, Cook County, is an Illinois municipal corporation and is and was the employer of Paul Munoz. Cook County is responsible for the acts of the Defendant mentioned herein while he was employed by Cook County and while acting within the scope of his employment. The Defendant is liable for suit in this action in that the violations of the Plaintiff's constitutional rights by official acts resulted from customs of Cook County whereby there has been a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of the Plaintiff who came in contact with the municipal employee.

STATEMENT OF FACTS

11. On or about October 18th, 2021, around 12:45pm, the Plaintiff was walking on the first floor in the George N. Leighton Criminal Court Building located at 2650 S California Ave, Chicago, IL 60608 from courtroom 101 to the elevator bank for the administrative side of the building where access is possible to the Cook County Circuit Clerk, Cook County State's Attorney Office, Cook County Public Defender's Office and other public offices.

12. Plaintiff was on his way to meet with Olu Olupitan to share thoughts on what he witnessed in courtroom 101 and ultimately conduct business in the office of the Cook County Circuit Clerk.

13. The Plaintiff looked over his shoulder several times while walking, sensing the presence of someone behind him.

14. Defendant, Daphne Harris, walked behind the plaintiff from courtroom 101 to the elevator bank.

15. Defendant, Daphne Harris, made verbal utterances with a cellphone pressed to her ear to the effect of "I'm following him...to make sure he exits the building."

16. As Plaintiff reached the elevator bank to the administrative side of the building, Harris came from behind the Plaintiff, cut off his path of movement and made forceful physical contact with the Plaintiff, specifically with a bag she was carrying on her shoulder.

17. The physical contact startled the Plaintiff.

18. The physical contact between Harris and the Plaintiff caused Plaintiff's forward movement to cease.

19. As Plaintiff and Harris passed court security near the front entrance of the building, Harris verbally asked a uniformed Cook County Sheriff's officer to assist her.

20. Defendant Harris then began interrogating the Plaintiff, asking him who he was and informing him that he was not allowed in that part of the George N. Leighton Criminal Court Building.

21. Defendant Munoz walked out of an elevator and immediately told the Plaintiff that he was not allowed in the building and that he was being trespassed from the property.

22. Munoz admitted that Harris had called the office of the Cook County State's Attorney to report and to request assistance in regards to Plaintiff's movements.

23. Harris communicated to Munoz that the Plaintiff was "...one of the Moors" and that he was not allowed on that side of the building.

24. Harris and Munoz formed a human blockade in front of the Plaintiff, obstructing the Plaintiff's forward movement to the elevators.

25. Harris and Munoz threatened to arrest the Plaintiff for criminal trespass if he attempted to pass their blockade and access the public facilities in the building.

26. The Defendants' threats of arrest did hinder and delay the Plaintiff's access to the Circuit Clerk offices for approximately ten minutes.

27. The Defendants then followed the Plaintiff to the Circuit Clerk office and caused approximately ten law enforcement officers from the Cook County's Sheriff Department and State's Attorney office to respond to the clerk's office and further attempt to prevent Plaintiff from accessing the public facility by blocking his path and interrogating Plaintiff..

28. An unidentified man acting as Sergeant Vest #1124 of the Cook County Sheriff's Department shortly thereafter informed the Defendants that the Plaintiff had not broken any laws and would not be arrested nor trespassed from the building.

## LEGAL ALLEGATIONS

29. Daphne Harris racially profiled the Plaintiff and deprived his Federal Constitutionally protected rights to equal protection.

30. Daphne Harris committed the state law offense of Battery (720 ILCS 5/12-3) against the Plaintiff.

31. Daphne Harris violated the Plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizures.

32. Daphne Harris and Paul Munoz abrogated the Plaintiff's protected rights to peaceably assemble.

33. Daphne Harris and Paul Munoz abrogated the Plaintiff's protected right to not be deprived of liberty without due process of law.

## COUNT ONE: VIOLATION OF EQUAL PROTECTION -- Section 1983 Claim

34. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

35. The actions of Daphne Harris stating to defendant Munoz that plaintiff was "one of the Moors...he has no business here", then both Harris and Munoz depriving plaintiff of

5

access to the public facilities, goods, and services of the Cook County Circuit Clerk

violated Plaintiff's protected Fourteenth Amendment right to equal protection under the

law, and thus violated 42 U.S.C. Section 1983.

36. The willful and wanton acts of the Defendants, which lacked objective reasonableness,

were the direct and proximate cause of the violation of Plaintiff's protected right,

suffering, mental distress, and other injury, as set forth more fully above.

37. Therefore, the defendant is liable to the Plaintiff pursuant to 42 USC § 1983.

### COUNT TWO: Battery (720 ILCS 5/12-3) (State Law Claim)

38. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual

allegations.

39. The act of Daphne Harris cutting off the Plaintiff's pathway of movement and bumping into the

defendant, along with the foregoing facts, directly and proximately caused physical contact of an

insulting or provoking nature with the Plaintiff .

40. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including

monetary damages and emotional distress.

41. Said actions constitute the tort of battery under the laws of the State of Illinois.

42. The State of Illinois is liable for the acts

### COUNT THREE: ABROGATION OF PROTECTED FIRST, FOURTH, AND
### FOURTEENTH AMENDMENT RIGHTS - - Section 1983 Claim

43. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual

allegations.

44. The willful and wanton act of physical touch by Harris and erecting a human blockade by

Harris and Munoz preventing Plaintiff from forward movement directly and proximately

caused the violation of Plaintiff's protected rights under the First, Fourth and Fourteenth

6

Amendments to the Constitution for the United States of America to peaceably assemble, be free from unlawful seizure, and to not be deprived of liberty without due process of law.

45. The Defendants' actions lacked objective legal reasonableness because any reasonable officer could have known that to deprive one of the people of their liberty and of their right to peaceably assemble would be in violation of their clearly established First and Fourteenth Amendment rights that are protected by the Federal Constitution.

46. The Plaintiff was harmed as a result of the Defendants' actions emotionally, financially, and otherwise from the loss of certain constitutionally protected liberties and related rights.

47. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT FOUR: VIOLATION OF ILLINOIS HUMAN RIGHTS ACT (State Law Claim)

48. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

49. The acts of Defendants Harris and Munoz in forming a human blockade preventing Plaintiff's forward movement with Harris' contemporaneous statement to Munoz that the Plaintiff was, "one of the Moors...he has no business here", did directly and proximately deprive Plaintiff of access to the office of the Cook County Circuit Clerk and deny Plaintiff the full and equal enjoyment of the facilities, goods, and services available to the public.

50. The said acts constitute the tort of violation of the Humans Rights Act under the laws of the State of Illinois.

51. The Plaintiff was harmed as a result of the actions of the Defendants emotionally, financially, and otherwise from the loss of certain constitutionally protected liberties and related rights.

52. The defendant Cook County is liable to the Plaintiff for the acts of the individual defendant Munoz under the doctrine of *respondeat superior.*

53. Therefore, the Individual Defendants and Cook County are liable under the supplemental state law claims of violations of the Illinois Human Rights Act.

## COUNT FIVE: VIOLATION OF 42 U.S.C. §1985

54. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

55. Based upon the facts set forth herein and in the proceeding paragraphs, the individual defendants, Harris and Munoz, are liable to Plaintiff for conspiracy to violate his constitutional rights under 42 U.S.C. § 1985.

56. Individual defendants acted willfully, wantonly, and without objective reasonableness and are therefore liable to Plaintiff.

57. The actions of the individual defendants and other non-party co-conspirators demonstrate a well-organized plan to prevent plaintiff from exercising and enjoying his constitutionally protected rights.

58. Defendants and other non-party co-conspirators engaged in a concerted action.

59. The action was designed to accomplish either a criminal or unlawful purpose, or a lawful purpose by criminal or unlawful means.

60. As a direct and proximate result of the conspiracy, Plaintiff was harmed as a result of the actions of the Defendants and other non-party co-conspirators emotionally, financially,

and otherwise from the loss of certain constitutionally protected liberties and related rights.

61. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1985.

## RELIEF REQUESTED

WHEREFORE, Plaintiff moves this Court to:

(1) Enter a judgment in Plaintiff's favor and against each named Defendant in their respective capacities related to the causes of action stated herein and also award Plaintiff compensatory, punitive damages and costs based on the Defendants' actual abuse of police powers, misconduct and other tortious acts in an amount greater than $100,000; and

(2) Grant the Plaintiff relief from a final judgment, order or proceedings under Fed. R. Civ. P. 60 for any of the provisions under the rule; and

(3) Grant any further relief that the Court may deem reasonable and just under the circumstances.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury in the above-entitled matters as to all issues and claims for which a trial by jury is cognizable under the law.

Dated: October 18, 2023

Respectfully submitted,

Blake Atlas Billups

Blake Atlas Billups
℅ 12540 S Wood Street
Calumet Park, Illinois
312-446-8433
blakeatlas@protonmail.com